**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2225
_____

SEAN M. DONAHUE,
                                        Appellant

v.

U.S. DEPARTMENT OF LABOR;
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY;
PENNSYLVANIA CAREER LINK SITE ADMINISTRATOR;
PENNSYLVANIA HUMAN RELATIONS COMMISSION;
LUZERNE SCHUYLKILL COUNTIES WORKFORCE
INVESTMENT BOARD EXECUTIVE DIRECTOR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-01859)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2021

Before:  GREENAWAY, JR., KRAUSE and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Sean M. Donahue, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his amended complaint for failure to state a claim. We will affirm.

In October 2019, Donahue, who has initiated at least two dozen actions in federal court since 2013, filed a complaint against the United States Department of Labor, the Pennsylvania Department of Labor and Industry, the Pennsylvania Human Relations Commission, the Pennsylvania CareerLink Site Administrator, and the Executive Director of the Luzerne/Schuylkill Counties Workforce Investment Board. (ECF 1.) As with several of his prior actions, the complaint centered on Donahue's belief that he was entitled to preferential job placement benefits that are afforded to veterans. The matter was referred to a Magistrate Judge, who, after identifying several flaws in the complaint, recommended that it be dismissed without prejudice to Donahue "endeavoring to correct the defects cited in this report." (ECF 5, at 20.) The District Court adopted that recommendation. (ECF 8.)

Donahue next filed a lengthy amended complaint, again alleging violations of his constitutional rights and federal laws. The complaint, which did not name new or different defendants, primarily asserted that Donahue was entitled to preferential job placement as a veteran and that his state court convictions for harassment of government employees were the result of "trumped up acts of retaliation intended to fabricate a justification for having denied [him] federally funded veterans priority job placement

constitute binding precedent.

2

services." Amended Comp'l, 4. The Magistrate Judge again recommended dismissal of the complaint, explaining that it contained several defects. (ECF 14.) Those defects included Donahue's failure to include a short and plain statement of claims, his attempt to relitigate matters which had been resolved in prior cases, his effort to bring a civil rights action premised on still-valid state court convictions, his assertion of claims barred by Eleventh Amendment immunity, and his attempt to assert a private right of action for disparate treatment claims against the federal government under Title VI of the Civil Rights Act of 1964. Over Donahue's objections (ECF 15), the District Court adopted the Report and Recommendation and dismissed the complaint without leave to amend (ECF 19). See 28 U.S.C. § 1915(e)(2)(B)(ii). Donahue appealed. (ECF 20.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the District Court's order dismissing the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

In his brief on appeal, Donahue does not challenge any of the grounds that the District Court relied on in dismissing the amended complaint. Indeed, he does not set forth any specific argument as to how the District Court erred or why the District Court's conclusions should not be affirmed. Rather, relying almost exclusively on 38 U.S.C. § 4215, Donahue argues only that, as a veteran, he is entitled to preferential job placement services. Therefore, as the Pennsylvania Department of Labor urges, Donahue has effectively forfeited any challenge to the District Court's rulings. See M.S. by &

3

through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020)

(holding that claims were forfeited where appellant failed to raise them in her opening

brief); see also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136,

145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed

arguments or those not properly raised and discussed in the appellate briefing.").

Although we construe Donahue's pro se filings liberally, this policy does not prevent us

from applying this doctrine to his appeal.[1]  See, e.g., Emerson v. Thiel Coll., 296 F.3d

184, 190 n.5 (3d Cir. 2002) (per curiam).

---

[1] Even if we considered his claims despite his failure to raise them, we would agree with
the District Court's dismissal pursuant to § 1915(e)(2)(B)(ii).  The District Court
correctly concluded on the face of the complaint that many of the claims raised in the
amended complaint are barred under the doctrine of res judicata.  See Turner v. Crawford
Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006).  Notably, in both the
underlying action and the previous cases brought by Donahue, he sought to sue some of
the same defendants, under the same constitutional provisions and federal laws,
challenging his state court convictions and his alleged inability to obtain preferential job
placement opportunities.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d
Cir. 2014) (noting we take a "broad view" when considering what constitutes the same
cause of action, and whether res judicata applies turns on the "essential similarity" of the
underlying events giving rise to the legal claims).  We have affirmed the dismissal of
those prior civil actions, see, e.g., Donahue v. Acosta, 789 F. App'x 324, 327-28 (3d Cir.
2019) (affirming dismissal of action challenging Donahue's state court convictions and
seeking order directing defendants to provide him with veteran priority job referrals),
and there is no dispute about the parties' capacity to sue or be sued in federal court.  To
the extent any claims or parties may be slightly different, it is clear that Donahue could
have brought the present claims in his earlier actions.  See In re Mullarkey, 536 F.3d 215,
225 (3d Cir. 2008) (explaining that res judicata bars claims that were brought, or could
have been brought, in a previous action).
    Furthermore, as the Magistrate Judge explained, Donahue's attempt to challenge
his convictions is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a
claim under § 1983 where a judgment in the plaintiff's favor would necessarily imply the
invalidity of a conviction unless the conviction has been overturned.  In addition, the

For the foregoing reasons, we will affirm the judgment of the District Court.

---

Eleventh Amendment barred Donahue's claims for damages against the state agencies and state officials acting in their official capacities.  See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) ("[T]he Eleventh Amendment … has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court.").  Finally, even construing Donahue's amended complaint liberally, we conclude that his conclusory allegations of Title VI violations did not state a plausible claim for discrimination.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).